IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK DUBAS, and ERIN DUBAS,<br>    Plaintiffs,<br><br>vs.<br><br>CLARK EQUIPMENT COMPANY,<br>    Defendant / Third-Party Plaintiff,<br><br>vs.<br><br>DAN KENNEDY CONSTRUCTION, LLC, and NEBRASKA STATE FAIR BOARD,<br>    Third-Party Defendants. | 8:20-CV-465<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion to Dismiss, Filing 59, filed by third-party defendant Dan Kennedy Construction, LLC ("Kennedy Construction"). Kennedy Construction moves to dismiss defendant and third-party plaintiff Clark Equipment Company's ("Clark Equipment's") action against Kennedy Construction for contribution. For the reasons stated below, the Court grants Kennedy Construction's motion.

**I.    BACKGROUND**

On August 30, 2019, Rick Dubas was injured in an accident at work. Filing 1 at 3-5. Dubas was employed by Kennedy Construction to clean cattle pens at the Nebraska State Fair. Filing 43 at 2. Clark Equipment designed and manufactured the Bobcat skid-steer loader ("the loader") that was used to clean the cattle pens. Filing 1 at 3. Clark Equipment leased the loader to the Nebraska State Fair, and another Kennedy Construction employee operated the loader. Filing 43 at 1-2. While working at the fair, the operator was backing up the loader and drove over Dubas's left leg. Filing 1 at 4. Dubas suffered injuries to his bones and tissues, including blood loss and infection.

1

Filing 1 at 5. The plaintiffs, Rick and Erin Dubas ("the Dubases"), brought suit against Clark Equipment for injuries arising out of an accident. Filing 1 at 3-5. Kennedy Construction and the Dubases agreed to settle their claims separately, with the Dubases agreeing to release Kennedy Construction from further liability in exchange for monetary compensation. Filing 43 at 6; *see also* Filing 62-1 at 2.

In their suit against Clark Equipment, the Dubases allege the loader was defectively designed based on the lack of a rear-view camera system. Filing 1 at 4. The Dubases are pursuing both a strict products liability claim and a negligence claim based on the loader's design. Filing 1 at 4. Clark Equipment filed a third-party complaint against Kennedy Construction and the Nebraska State Fair Board, seeking common law contribution from both parties. Filing 43 at 3-5. Kennedy Construction moves to dismiss Clark Equipment's contribution claim, arguing that under Nebraska law, Clark Equipment cannot maintain a contribution claim because Clark Equipment did not extinguish Kennedy Construction's liability. Filing 60 at 3-4. Further, Kennedy Construction argues that applying Nebraska's comparative negligence statutes entitles Clark Equipment to a pro rata reduction in damages awarded by the jury, and this reduction "necessarily precludes a contribution claim against [Kennedy Construction]." Filing 60 at 6.

Regarding the Dubases' negligence claim, the parties agree that Kennedy Construction "need not be a third-party defendant for evidence of its tortious conduct to be admissible at trial or for its name to appear on the verdict form . . . [Clark Equipment] agrees that its third-party complaint is moot to the extent of [Kennedy Construction's] joinder prompted by the negligence claim." Filing 82 at 2-3. However, Clark Equipment argues it is entitled to a contribution claim against Kennedy Construction if the settlement amount is less than Kennedy Construction's pro rata share of liability. Filing 82 at 4.

2

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### A. Negligence

Clark Equipment's complaint against Kennedy Construction for contribution for any negligence fails. The Nebraska Unicameral has contemplated the impact of a settlement agreement where multiple tortfeasors may be liable for an injury:

> (1) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides. The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.
>
> (2) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall preclude that person from being made a party or, if an action is pending, shall be a basis for that person's dismissal, but the person's negligence, if any, shall be considered in accordance with section 25-21,185.09.

Neb. Rev. Stat. § 25-21,185.11.[1]

Pursuant to Neb. Rev. Stat. § 25-21,185.11, Kennedy Construction need not be a party to the Dubases' claim against Clark Equipment in order for Clark Equipment to demonstrate any potential fault of Kennedy Construction in the accident. The parties agree. Filing 82 at 2-3 ("[Clark Equipment] agrees that its third-party complaint is moot to the extent of [Kennedy Construction's] joinder prompted by the negligence claim."). Thus, Kennedy Construction need not remain a party to this case for the negligence claim.

### B. Strict Products Liability

Clark Equipment contends that its strict products liability contribution claim against Kennedy Construction should survive the present motion. Filing 82 at 3 (conceding the third-party complaint is moot as to negligence but maintaining the "same is not true . . . for the strict liability dispute").

---

[1] This Court has already ruled that Nebraska law will apply. Filing 38 at 13.

The parties primarily argue over the applicability of the holding of the Nebraska Supreme Court in *Estate of Powell v. Montange*, 765 N.W.2d 496 (Neb. 2009) to the strict liability claim. Filing 60 at 4-5; Filing 82 at 4-7. *Powell* involved a passenger of a truck who was killed when the driver of the truck lost control and landed in a ditch. 765 N.W.2d at 498-99. The passenger's estate filed suit against the driver of the truck, and the driver of the truck filed a third-party complaint against the driver of another vehicle who allegedly caused the accident. *Id.* at 499. The driver of the truck settled the claims brought against him by the passenger's estate and then sought contribution from the third-party defendant. *Id.* The Supreme Court of Nebraska held:

> We now hold that in order to recover on a claim for contribution among joint tort-feasors, the following elements must be shown: (1) There must be a common liability among the party seeking contribution and the parties from whom contribution is sought; (2) the party seeking contribution must have paid more than its pro rata share of the common liability; (3) the party seeking contribution must have extinguished the liability of the parties from whom contribution is sought; and (4) if such liability was extinguished by settlement, the amount paid in settlement must be reasonable. . . .
>
> The basis for an action for contribution is the discharge of a common liability caused by joint tort-feasors in which one tort-feasor has paid more than his or her proportionate share. Under equitable principles, the discharge of such liability is a benefit to the tort-feasor from whom contribution is sought. . . . If the common burden is to be shared, the discharge of liability from such burden must also be shared. Thus, a right of contribution among joint tort-feasors is not established if the tort-feasor seeking contribution extinguishes only his or her liability and does not extinguish the liability of the other joint tort-feasors from whom contribution is sought.
>
> The reciprocal also applies. A joint tort-feasor who settles without extinguishing the entire liability, and whose payment later turns out to be less than his fair share, is not subject to actions for contribution to others.

*Id.* at 504 (citations omitted).

Clark Equipment argues *Powell* is not binding on the current dispute because a non-settling tortfeasor is seeking contribution from a settling tortfeasor, rather than a settling tortfeasor seeking contribution from a non-settling tortfeasor, as in *Powell*. Filing 82 at 4-6. Kennedy Construction

contends that *Powell* is the applicable law in this matter. Filing 83 at 5-6. The Court concludes *Powell* is applicable here because the plain language of the opinion says so. *See* 765 N.W.2d at 504 ("A joint tort-feasor who settles without extinguishing the entire liability, and whose payment later turns out to be less than his fair share, is not subject to actions for contribution to others.").

The parties further dispute whether the third *Powell* element is met in this case, which requires "the party seeking contribution [to] have extinguished the liability of the parties from whom contribution is sought." *Id.* The Court agrees with Kennedy Construction that Clark Equipment fails to fulfill the third *Powell* element because Clark Equipment did not extinguish Kennedy Construction's liability. The record establishes that Kennedy Construction extinguished its liability to the Dubases independent of Clark Equipment. Filing 43 at 6; Filing 60 at 2; Filing 62-1. Thus, Clark Equipment's claim for contribution fails, and Kennedy Construction should be dismissed as a party in this case.[2]

### III. CONCLUSION

For the foregoing reasons, the Court finds Kennedy Construction does not need to be a party to the case in order for Clark Equipment to pay only its proportional share of damages should a jury find Clark Equipment liable to the Dubases for negligence, and Clark Equipment cannot succeed in a contribution action against Kennedy Construction if Clark Equipment is found strictly liable under a products liability theory. Accordingly,

---

[2] The Court also questions whether the parties share common liability in regard to the strict liability claim. *See Powell*, 765 N.W.2d at 500 (requiring a party seeking contribution must "share a common liability" with the party from whom contribution is sought). There are no allegations that Kennedy Construction was a manufacturer of any part of the equipment at issue, and under Nebraska law, strict products liability is limited to manufacturers. Neb. Rev. Stat. § 25-21, 181 ("No product liability action based on . . . strict liability [can be] maintained against any seller or lessor of a product which is alleged to contain or possess a defective condition unreasonably dangerous . . . unless the seller or lessor is also the manufacturer of the product or the part thereof . . . ."); *see also Shelton v. Young's Welding and Mach. Shop, LLC,* 2015 WL 247834 at *5 (D. Neb. Jan. 20, 2015) ("Show-Me, a non-manufacturer, does not share in [strict] liability under Nebraska law."). Where a statute would preclude direct recovery by a plaintiff against the alleged joint-tortfeasor, there can be no contribution claim. *Teegerstrom v. H.J. Jeffries Truck Line, Inc.*, 346 N.W.2d 411, 414 (Neb. 1984).

IT IS ORDERED:

1. Dan Kennedy Construction, LLC's Motion to Dismiss, Filing 59, is granted;
2. Clark Equipment Company's Third-Party Complaint, Filing 43, is dismissed as to Dan Kennedy Construction, LLC; and
3. Dan Kennedy Construction, LLC is dismissed as a party from this case.

Dated this 9th day of September, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge